FILED
JAN 24 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA    '08 MJ 8062

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No.: |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | 21 U.S.C. § 952 and 960 |
| Francisco ZAMUDIO-Nunez | Importation of a Controlled Substance (Felony) |
| Defendant. | |

The undersigned complainant being duly sworn states:

COUNT ONE

That on or about January 22, 2008, within the Southern District of California, defendant Francisco ZAMUDIO-Nunez did knowingly and intentionally import approximately 8.08 kilograms (17.78 pounds) of methamphetamine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

//
//
//
//
//
//

## COUNT TWO

That on or about January 22, 2008, within the Southern District of California, defendant Francisco ZAMUDIO-Nunez did knowingly and intentionally import approximately 44.64 kilograms (98.21 pounds) of cocaine, a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

VINCENT McDONALD
Special Agent
Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 24th DAY OF JANUARY 2008.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

1  UNITED STATES OF AMERICA
2             v.
   Francisco ZAMUDIO-Nunez
3
4                    STATEMENT OF FACTS

5      This complaint is based on the reports, documents, and notes furnished to U. S.
6  Immigration and Customs Enforcement Special Agent (S/A) Vincent McDonald.
7      On January 22, 2008, at approximately 2130 hours, Francisco ZAMUDIO-Nunez
8  entered the United States from the Republic of Mexico via the Calexico, CA West Port of
9  Entry. ZAMUDIO was the driver and registered owner of a 2000 Ford Expedition.
10 ZAMUDIO was accompanied by Esmeralda VERDUZCO.
11
12     Customs & Border Protection Officer (CBPO) A. Moreno in primary inspection lane
13 #5 began his inspection of ZAMUDIO and VERDUZCO. ZAMUDIO presented a valid
14 United States permanent resident card. VERDUZCO claimed she was a United States
15 citizen, and presented a valid California identification card. CBPO A. Moreno obtained a
16 negative Customs declaration from ZAMUDIO. CBPO A. Moreno inspected the vehicle
17 and noticed the gas tank appeared to be new. CBPO A. Moreno tapped on the gas tank
18 and it felt solid. CBPO A. Moreno referred ZAMUDIO, VERDUZCO and the vehicle to
19 vehicle secondary for further examination.
20
21     In the VS area, CBPO Payton asked CBPO E. Leon to utilize his canine inspecting
22 the 2000 Ford Expedition. CBPO E. Leon advised CBPO Payton that the canine alerted
23 to the rear of the vehicle. CBPO Payton advised CBPO T. Contreras of the situation for
24 continued inspection.
25
26     CBPO T. Contreras approached ZAMUDIO and obtained a negative Customs
27 declaration. ZAMUDIO stated that he was the owner of the vehicle for approximately three
28

months. CBPO T. Contreras began to tap the gas tank feeling a hard surface and hearing a solid sound.

A contractor was contacted and the vehicle's gas tank was removed. Further inspection of the gas tank by CBPO T. Contreras revealed an access plate on top of the tank. Further inspection of the vehicle revealed an access plate located below the rear seat behind the driver's seat.

Forty-one packages were removed from the vehicle with a net weight of 44.64 kilograms (98.21 pounds) wrapped in clear cellophane were extracted. A random package was probed and field-tested positive for cocaine, a Schedule II Controlled substance.

CBPO T. Contreras continued his inspection of the vehicle and removed sixteen additional packages with a net weight of 8.08 kilograms (17.78 pounds) wrapped in clear cellophane. A random package was probed and field-tested positive for methamphetamine, a Schedule II Controlled Substance.

ZAMUDIO was placed under arrest and advised of his rights per Miranda, which he acknowledged and waived, agreeing to answer questions without the presence of an attorney. ZAMUDIO stated he knew narcotics were in the vehicle but he thought that it was just cocaine.

ZAMUDIO stated he was to be paid $3,000.00 to cross the vehicle into the U. S., at which time he would continue driving on Highway 111 until an unidentified person gave him a signal to pull over. ZAMUDIO stated he would then switch vehicles with the person and drive away. ZAMUDIO claimed VERDUZCO is innocent and did not know about the narcotics.