FILED

FEB 06

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>Francisco ZAMUDIO-Nunez,<br><br>    Defendant. | Magistrate Case No. 08MJ8062<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on January 29, 2008, to determine whether defendant Francisco ZAMUDIO-Nunez, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney John F. Weis appeared on behalf of the United States. Court-appointed counsel Timothy A. Scott, appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the January 24, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.   The Defendant is charged in Criminal Complaint No. 08MJ8062 with the importation of 8.08 kilograms (17.78 pounds) of methamphetamine and 44.64 kilograms (98.21 pounds) cocaine, into the United States in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.   The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.   The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(2)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36, See USSG § 2D1.1(2). Assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 188-235 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2)

1.   The weight of the evidence against the Defendant is strong. On January 22, 2008, at the Calexico West Port of Entry, the Defendant was the driver and registered owner of a 2000 Ford Expedition, as he entered the United States from Mexico. Defendant was accompanied by passenger Esmeralda VERDUZCO. Customs & Border Protection Officer A. Moreno noticed the gas tank sounded solid when tapped. Defendant, passenger, and the vehicle were referred to the vehicle secondary area. A Narcotic Detection Dog alerted to the rear of the vehicle. Further inspection of the vehicle and removal of the gas tank revealed 8.08 kilograms (17.78 pounds) of methamphetamine and 44.64 kilograms (98.21 pounds) of cocaine.

2.   Defendant stated he knew narcotics were in the vehicle, but he thought it was just cocaine. Defendant stated he was to be paid $3,000.00 to cross the vehicle into the United States and continue driving on Highway 111 until an unidentified person gave him a signal to pull over. He

1  would then switch vehicles with the person and drive away.  Defendant stated that the passenger
2  Esmeralda VERDUZCO was innocent and did not know about the narcotics.
3      C.    <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>
4          1.    The Defendant is a citizen of Mexico.
5          2.    The Defendant recently changed his residence from Fresno, California to
6  Calexico, California.
7          3.    The Defendant has only been employed two months.
8          4.    The Defendant has family residing in Michoacan, Mexico.
9          5.    The Defendant is a Resident Alien of the United States but is in danger of losing
10  his immigration status if convicted of this offense.
11      D.    <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>
12          1.    Other than that the charged crime is a drug trafficking offense, there is nothing
13  to suggest that release of the Defendant would pose a danger to any person or the community.

II

REASONS FOR DETENTION

16      A.    There is probable cause to believe that the Defendant committed the offense charged
17  in Criminal Complaint No. 08MJ8062, namely, the importation of 8.08 kilograms (17.78 pounds) of
18  methamphetamine and 44.64 kilograms (98.21 pounds) cocaine into the United States in violation of
19  21 U.S.C. § 952 and 960.
20      B.    The Defendant faces a substantial period of time in custody if convicted of the offense
21  charged in the Complaint.  He therefore has a strong motive to flee.
22      C.    The Defendant has not rebutted the presumption, based upon the Court's findings that
23  there is probable cause to believe that the Defendant committed an offense for which a maximum term
24  of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801
25  et seq.), that no condition or combination of conditions will reasonably assure the appearance of the
26  Defendant at future court proceedings.
27  ///
28  ///

### III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 2-6-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

John F. Weis
Assistant U. S. Attorney

cc: Timothy Scott
    Counsel for Defendant